UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL RICARDO MARTIN,  )<br>)<br>    Petitioner,  )<br>)<br>v.  )<br>)<br>STATE OF TENNESSEE,  )<br>)<br>    Respondent.  ) | No. 3:08-0863<br>Judge Campbell |

## MEMORANDUM

## I. INTRODUCTION
## AND
## BACKGROUND

The petitioner is a prisoner in the Turney Center Industrial Prison in Only, Tennessee. He brings this *pro se* action seeking federal *habeas corpus* relief under 28 U.S.C. § 2254. The petitioner names the State of Tennessee as the respondent.

The petitioner was convicted by a jury of rape and sexual battery, and sentenced to ten (10) years. (Docket Entry No. 1, ¶¶ 3-4, 6, p. 2) Judgment entered on April 4, 2003. (Docket Entry No. 1, ¶ 2, p. 2) The petitioner appealed. (Docket Entry No. 1, ¶ 9, p. 3)

The petitioner raised the following claims on direct appeal: 1) the trial court erred in not granting his motion for judgment of acquittal; 2) the trial court erred in granting the State's motion *in limine* concerning evidence of a prior hymenal injury sustained by the victim when she was ten years old; 3) the trial court erred in sentencing him to 10 years. (Docket Entry No. 1, ¶ 9(d), p. 3); *see State v. Martin*, M2004-00455-CCA-R3-CD, 2005 WL 1521973 at * 1 (Tenn. Crim. App.).[1] The

---

[1] The description in the petition of the claims that the petitioner raised on direct appeal was too vague to determine the exact nature of those claims. (Docket Entry No. 1, ¶ 9(d), p. 3) It is "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer ." Rule 4, Rules – Section 2254 Cases, 1976 Advisory Committee Note (citing *Allen v. Perini*, 424 F.2d 134, 141

substance of the petitioner's sentencing claim was that the trial judge failed to apply enough weight to mitigating factors. *Martin*, 2005 WL at ** 5-7. The Tennessee Court of Criminal Appeals (Court of Criminal Appeals) affirmed the judgment of the trial court on June 24, 2005, and the Tennessee Supreme Court denied his Rule 11 application for permission to appeal on December 5, 2005. (Docket Entry No. 1, ¶¶ 9(c), (e)(3), p. 3)

The petitioner filed a *pro se* petition for post-conviction relief on January 31, 2006. *Martin v. State*, M2006-01371-CCA-R3-PC, 2007 WL 1628869 at * 1 (Tenn. Crim. App.). Counsel was appointed, an amended petition was filed, and an evidentiary hearing was held on May 24, 2006. (Docket Entry No. 1, ¶ 11(a)(1)-(2), p. 3); *Martin*, 2007 WL 1628869 at * 1. The post-conviction court denied the petition on November 20, 2006. (Docket Entry No. 1, ¶ 11(a)(6), p. 4)

The petitioner raised the following claims on appeal as of right from the judgment of the post-conviction court: 1) defense counsel was ineffective for failing to confer with him adequately prior to trial; and 2) defense counsel was ineffective for not objecting to the State's improper rebuttal argument. *Martin*, 2007 WL at * 1. The Court of Criminal Appeals affirmed the judgment of the post-conviction court on April 10, 2007, and the Tennessee Supreme Court denied his Rule 11 application for permission to appeal on September 17, 2007. *Id.*

The petitioner subsequently moved to reopen the post-conviction proceeding. (Docket Entry No. 1, ¶ 11(b), p. 4) Although the petitioner does not say so specifically, analysis of the petition and attachments shows that the petitioner filed his motion to reopen post-conviction on December 20,

---

(6th Cir. 1970)). To that end, the Court "may order ['copies of state court opinions'] for . . . consideration if they are not yet included with the petition." *Id*. Because the petitioner did not provide the information necessary to conduct a proper initial review of his petition under Rule 4, it was appropriate for the Court to refer to relevant state court opinions in the course of its review.

2007.² (Docket Entry No. 1, Attach. Order, Case No. 2002-A-587, filed Jan. 16, 2008, p. 1) The petitioner raised a single claim in support of his motion to reopen, *i.e.*, that his sentence was enhanced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).

The post-conviction court denied the petitioner's motion to reopen on January 16, 2008. (Docket Entry No. 1, Attach. Order, Case No. 2002-A-587, filed Jan. 16, 2008) In denying the motion, the post-conviction court determined that the petitioner's *Blakely* claim should have been raised on direct appeal and, because it was not, the claim was waived.³,⁴ (Docket Entry No. 1, Attach. Order, Case No. 2002-A-587, filed Jan. 16, 2008, p. 3) The post-conviction court also ruled that *Blakely* did not apply retroactively to attack the petitioner's sentence on collateral review. (Docket Entry No. 1, Attach. Order, Case No. 2002-A-587, filed Jan. 16, 2008, pp. 3-4)

Although the petitioner does not say so in his petition, it is apparent from the attachments that the petitioner sought to appeal the judgment of the post-conviction court in denying his motion to reopen. The Court of Criminal Appeals dismissed the appeal on April 7, 2008 because it was not

---

² The post-conviction court contributes to the confusion on this point by referring to the petitioner's motion to reopen as a petition for post-conviction relief. (Docket Entry No. 1, Attach. Order, Case No. 2002-A-587, filed Jan. 16, 2008, p. 1)

³ The record shows that the petitioner wrote to appellate counsel, Michael Colavecchio, on December 8, 2004, asking him to raise a *Blakely* claim on direct appeal. (Docket Entry No. 1, Attach. Ex. B) (*Blakely* was decided on June 24, 2004.) Attorney Colavecchio wrote back to the petitioner on December 21, 2004, advising the petitioner that he was "fully aware of the *Blakely* decision . . . " but that the "state ha[d] yet to finalize the approach the law will take to sentencing in the future based on that decision." (Docket Entry No. 1, Attach. Ex. A) The record shows that *Blakely* was not raised as an issue on direct appeal. Nevertheless, the Court of Criminal Appeals *sua sponte* addressed *Blakely* in dicta, opining that "Tennessee's sentencing structure does not conflict with the holding[] of *Blakely* . . . ." *Martin*, 2005 WL at * 5 n. 2.

⁴ The petitioner asserts that he alleged in his petition for post-conviction relief that appellate counsel was ineffective for not raising *Blakely* on direct appeal. (Docket Entry No. 1 ¶ 11(a)(3), pp. 3-4) However, the Court of Criminal Appeals did not reach this claim on appeal from the judgment of the post-conviction court. *Martin*, 2007 WL at * 1. It cannot be determined from the record whether ineffective assistance claim in the context of *Blakely* was raised on appeal, and the Court of Criminal Appeals merely neglected to address it. That the post-conviction court did not mention a *Blakely* ineffective assistance claim in its Order denying the motion to reopen suggests that it was not.

3

timely filed. (Docket Entry No. 1, Attach. Order, Case No. M2008-00251-CCA-R3-PC, filed Apr. 7, 2008) It also is apparent from the attachments that the petitioner subsequently filed a Rule 11 application for permission to appeal in the Tennessee Supreme Court. (Docket Entry No. 1, Attach. Notice, Case No. M2008-00251-SC-R11-PC, dtd. April 22, 2008) There is, however, no indication in the petition or attachments thereto as to the status of that Rule 11 application.

The petitioner filed the instant action on August 11, 2008. Rule 3(d), Rules – Section 2254 Cases. The petitioner raises a single ground for relief in his petition, *i.e.*, that enhancing his sentence beyond the statutory minimum violated *Blakely*. (Docket Entry No. 1, ¶ 12.A, p. 5)

## II. ANALYSIS

Petitions for federal *habeas corpus* relief filed after April 24, 1996 are subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA). *See Martin v. Mitchell*, 280 F.3d 594, 602 (6th Cir. 2002)(citing *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1977). Under the AEDPA, *habeas corpus* courts may only consider claims that a *habeas* petitioner has previously raised before the state courts. *See* 28 U.S.C. § 2254(b); *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002). Claims that have not been raised in state court are deemed unexhausted, and ordinary are dismissed, without prejudice, so that the *habeas* petitioner may pursue them in state court. *Alley*, 307 F.3d at 385 (citing *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). The petitioner has the burden of establishing that he has exhausted his claims in state court. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003)(citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

Although the petitioner is not required to raise an issue in the Tennessee Supreme Court for purposes of exhaustion, *see Adams v. Holland*, 330 F.3d 398, 401-06 (6th Cir. 2003), it is apparent from the record that the petitioner has raised his *Blakely* claim in that Court following his

4

unsuccessful motion to reopen post-conviction. As previously noted, however, it cannot be determined from the record whether – or how – the Tennessee Supreme Court has acted on the petitioner's Rule 11 application. Consequently, the petitioner has failed to establish that he exhausted his *Blakely* claim in state court prior to bringing this action.

Although the AEDPA requires that claims be exhausted in state court prior to being raised in a federal *habeas corpus* action, the law is well established that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004); *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001). The Sixth Circuit has held specifically that exhaustion may be excused if requiring "further action in state court 'would be an exercise in futility.'" *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005)(citing *Lucas v. People of the State of Michigan*, 420 F.2d 259, 262 (6th Cir. 1970)).

As previously established, the plaintiff's *Blakely* claim is the petitioner's sole ground for relief. However, *Blakely* does not apply retroactively to cases pending on collateral review. *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005). Because the petitioner's *Blakely* claim in this action is without merit, to require/wait for the petitioner to exhaust his *Blakely* claim would amount to an exercise in futility. Accordingly, the plaintiff's petition will be dismissed for failure to state a ground on which relief may be granted.

## Certificate of Appealability

Where, as here, the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard

being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner has failed to make a substantial showing of a denial of a constitutional right. Accordingly, a COA will not issue.

### III. CONCLUSION

As reasoned herein, the petition will be denied, this action will be dismissed, and a COA will not issue. An appropriate Order will be entered.

*/s/ Todd Campbell*
Todd Campbell
United States District Judge

6

Case 3:08-cv-00863   Document 9   Filed 09/19/08   Page 6 of 6 PageID #: 84