MICHAEL RICARDO MARTIN            ]
    Petitioner,            ]
                           ]
v.                                 ]    No. 3:08-0863
                           ]    Judge Campbell
JAMES FORTNER, WARDEN              ]
    Respondent.            ]


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against James Fortner, Warden of the prison, seeking a writ of habeas corpus.

On February 25, 2003, a Davidson County jury found the petitioner guilty of the rape and sexual battery of a fifteen year old mentally challenged girl. Docket Entry No. 34-1 at pgs. 24-25. For these crimes, he received an aggregate sentence of ten (10) years in prison.[1] *Id.* at pgs. 491-494.

Petitioner's attorney neglected to appeal the convictions. *Id.* at pg. 39. When the petitioner learned of this, he filed a *pro se* petition for post-conviction relief, hoping that the court would grant him a delayed appeal. *Id.* at pgs. 26-36. New counsel was appointed and an amended post-conviction petition was filed on the petitioner's behalf. *Id.* at pgs. 55-56. Following an evidentiary hearing, the court granted the petitioner's request for a delayed appeal. Docket Entry No. 34-2 at pg. 6.

---

[1] The petitioner received concurrent sentences of ten years for rape and two years for sexual battery.

1

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the petitioner's convictions and sentences. Docket Entry No. 34-4. The Tennessee Supreme Court later denied the petitioner's application for further review. Docket Entry No. 13; Exhibit No. 22.

In January, 2006, the petitioner filed a second *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No. 34-6 at pgs. 7-47. Following the appointment of counsel, an amendment of the petition, and an evidentiary hearing, the petitioner was denied post-conviction relief. *Id.* at pgs. 96-98. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 34-9. The Tennessee Supreme Court then rejected the petitioner's application for additional review. Docket Entry No. 34-11.

Three months later, the petitioner filed a *pro se* petition to re-open his post-conviction proceedings. Docket Entry No. 13; Exhibit No. 34. The trial court determined that the petitioner had waived the new issue he was attempting to raise and denied the petitioner's motion. Docket Entry No. 34-12. The Tennessee Court of Criminal Appeals subsequently dismissed the petitioner's appeal as untimely. Docket Entry No. 34-13.

On August 11, 2008, the petitioner filed the instant petition for writ of habeas corpus. Docket Entry No. 1. In the petition, it is alleged that the trial court "erroneously enhanced the defendant's sentence beyond the statutory minimum allowable by law, based on factors not found by a jury or admitted by the defendant."[2] *Id.* at pg. 7.

Upon preliminary review of the petition, the Court determined that it contained a colorable claim for habeas corpus relief. Accordingly, an order (Docket Entry No. 15) was entered directing

---

[2] This type of issue is commonly referred to as a Blakely claim and arose from the decision rendered in Blakely v. Washington, 542 U.S. 296, 303 (2004).

2

the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules – § 2254 Cases.

The respondent filed a Motion to Dismiss (Docket Entry No. 21), alleging that the petition contained procedural errors.[3] The errors were corrected and the respondent's Motion to Dismiss was denied. Docket Entry No.29. The respondent was once again directed to file an answer, plead or otherwise respond to the petition as amended. *Id.*

Presently pending before the Court is the respondent's Answer (Docket Entry No. 33) to the petition. The petitioner has filed no reply to the Answer. Having considered the petition, respondent's Answer, and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). As a consequence, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1); Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129 (1987). Thus,

---

[3] It was correctly noted that the State of Tennessee was not an appropriate respondent to this action. Therefore, Warden Fortner, as the petitioner's custodian, replaced the State of Tennessee as respondent. The respondent further claimed that the petitioner had failed to sign the petition under penalty of perjury. This assertion, however, was found to be incorrect.

3

as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522 (1982). A claim has been fairly presented if it has been raised at every level of the state court system for consideration. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Once petitioner's federal claim has been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claim. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).[4]

The petitioner bears the burden of showing that he has fully exhausted available state court remedies prior to filing his federal habeas corpus petition. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). The Blakely decision, which forms the basis for the petitioner's sentencing claim, was issued on June 24, 2004. On direct appeal, the petitioner did not file his appellate brief in the Tennessee Court of Criminal until at least September 30, 2004.[5] Docket Entry No. 34-2. The appellate brief did not contain a Blakely claim, even though the claim was available to the petitioner at that time. Instead, the petitioner's Blakely claim was first brought to the attention of the Tennessee Supreme Court in a Rule 11 application for discretionary review following his direct appeal. Docket Entry No. 34-5. The Tennessee Supreme Court denied the Rule 11 application. Docket Entry No. 13; Exhibit No. 22.

The Blakely claim was again raised in the petitioner's *pro se* petition to re-open his post-conviction proceedings. Docket Entry No. 13; Exhibit No. 34. As noted above, that petition was

---

[4] In Tennessee, a claim need only be taken as high as the Tennessee Court of Criminal Appeals to satisfy the exhaustion requirement. Adams v. Holland, 330 F.3d 398 (6th Cir. 2003).

[5] The record does not contain a stamped copy of the petitioner's appellate brief. However, the unstamped copy provided by the respondent has a Certificate of Service dated September 30, 2004. Docket Entry No. 34-2 at pg. 13.

4

denied after the state court determined that the petitioner had waived the Blakely claim. Docket Entry No. 34-12. The appeal of this ruling was later dismissed as untimely. Docket Entry No. 34-13. Thus, the petitioner's claim has not yet been fairly presented to every level of the state court system for consideration.

Unfortunately, at this late date, it appears that state court remedies for petitioner's Blakely claim are no longer available to him. *See* Tenn. Code Ann. § 40-30-102(a) and (c). As a consequence, by way of procedural default, the petitioner has technically satisfied the exhaustion requirement with respect to his claim. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of a federal constitutional issue forfeits the right to federal review of that issue, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation. Wainwright v. Sykes, 443 U.S. 72, 84 (1977); Engle v. Isaac, 456 U.S. 107, 129 (1982).

In his *pro se* petition for post-conviction relief, the petitioner alleged that the failure to raise the Blakely claim in a timely manner was attributable to the ineffectiveness of counsel. Docket Entry No. 34-6 at pgs. 40-44. The ineffectiveness of counsel can constitute cause sufficient to excuse a procedural default, but only if the ineffective assistance claim was not itself procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 453 (2000). The petitioner abandoned this particular claim in his amended post-conviction petition. Docket Entry No. 34-6 at pgs. 89-93. Moreover, this

5

ineffective assistance claim was never raised afterwards during post-conviction appellate proceedings. Docket Entry No. 34-7 and 34-10. As a result, counsel's alleged ineffective assistance can not be used to establish cause for the procedural default of petitioner's Blakely claim.

Here, the petitioner has failed to properly exhaust state court remedies for his Blakely claim. There is nothing in the record that would satisfy the cause and prejudice needed to excuse petitioner's procedural default. Therefore, it appears that the petitioner's claim is not actionable.

Of course, even in the absence of cause and prejudice, a procedural default may be excused when review of a petitioner's claim is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722 (1991). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Murray v. Carrier, 477 U.S. 478 (1986). In this instance, the petitioner's guilt has not been made an issue. Consequently, the Court finds that the petitioner has forfeited the right to federal review of his claim as a result of an unexcused procedural default.

An appropriate order will be entered. Rule 8(a), Rules — § 2254 Cases.

Todd Campbell
United States District Judge